# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Pamela Garmon,

     Plaintiff,

vs.

                            Case No. 22-1884

Sun Life Assurance Company of
Canada

                            **COMPLAINT**

     Defendant.

---

Plaintiff, for her Complaint against Defendant, states and alleges:

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq.*

2.  Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because Sun Life Assurance Company of Canada  may be found in this district. In particular, Sun Life Assurance Company of Canada  is registered as a corporation with the State of Minnesota, conducts ongoing business with

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

Minnesota residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3.   On information and belief, Defendant Sun Life Assurance Company of Canada insures employee benefit plan ("Plan") that New Hanover Regional Medical Center created and maintains to provide its employees with income protection should they become disabled.

4.   On information and belief, Defendant Sun Life Assurance Company of Canada is a corporation organized and existing under the laws of the State of Massachusetts and is the insurer and claims administrator for the Plan.

5.   Plaintiff is a resident and citizen of the United States, an employee of New Hanover Regional Medical Center and a participant in the Plan.

6.   As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7.   On information and belief, Plaintiff was covered at all relevant times under group disability policy number 234884-001 which was issued by Sun Life Assurance Company of Canada to New Hanover Regional Medical Center to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8.  Pursuant to 29 U.S.C. § 1024(b)(4), Plaintiff submitted a request for plan documents to the Plan Administrator on May 17, 2022. The Plan Administrator failed to mail copies of all requested documents within 30 days of Plaintiff's request.

9.  On information and belief, Sun Life Assurance Company of Canada both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, Sun Life Assurance Company of Canada has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

10.    Sun Life Assurance Company of Canada 's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

11.    The Plan is an ERISA welfare benefit plan.

12.    Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict ***must be weighed as a factor*** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

13.     Plaintiff became disabled under the terms of the Plan's policy on or about May 15, 2021 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

14.     Plaintiff submitted a timely claim to Sun Life Assurance Company of Canada for disability benefits.

15.     Sun Life Assurance Company of Canada denied Plaintiff's claim for disability benefits. Plaintiff appealed Sun Life Assurance Company of Canada's decision, but Sun Life Assurance Company of Canada denied Plaintiff's appeal on May 16, 2022.

16.     Plaintiff provided Sun Life Assurance Company of Canada  with substantial medical evidence demonstrating she was eligible for disability benefits.

17.     Sun Life Assurance Company of Canada 's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

        a. Sun Life Assurance Company of Canada  failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

4

b.  Sun Life Assurance Company of Canada relied on the opinion of a medical professional who was financially biased by their relationship with Sun Life Assurance Company of Canada and as such unable to offer an unbiased opinion;

c.  Sun Life Assurance Company of Canada relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

d.  Sun Life Assurance Company of Canada relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physicians;

e.  Sun Life Assurance Company of Canada ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

f.  Sun Life Assurance Company of Canada ignored the opinions of Plaintiff's treating physicians.

18.   Sun Life Assurance Company of Canada abused its discretion in denying Plaintiff's claim.

19.   The decision to deny benefits was wrong under the terms of the Plan.

20.     The decision to deny benefits was not supported by substantial evidence in the record.

21.     Sun Life Assurance Company of Canada 's failure to provide benefits due under the Plan constitutes a breach of the Plan.

22.     Sun Life Assurance Company of Canada 's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from May 15, 2021 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

23.     Sun Life Assurance Company of Canada 's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

24.     A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare she fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums she paid for benefits under the Plan from the time of denial of benefits to the present. Plaintiff further requests imposition of penalties pursuant to 29 U.S.C. § 1132(c)(1) for

the failure to timely provide requested plan documents. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct Sun Life Assurance Company of Canada to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

 WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;

2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;

3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits,

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of denial of benefits to the present.

6. Penalties pursuant to 29 U.S.C. § 1132(c)(1) for failure to timely provide requested plan documents.

7. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

8. Reasonable costs and attorneys' fees incurred in this action;

9. Any other legal or equitable relief the Court deems appropriate.

Dated:     July 27, 2022     RESPECTFULLY SUBMITTED,

By: /s/ *Zachary Erickson*

Zachary Erickson (MN Bar # 0401216)
Zachary Schmoll (MN Bar # 0396093)
**FIELDS LAW FIRM**
9999 Wayzata Blvd
Minnetonka, MN 55305
Office: 612-370-1511
Zerickson@Fieldslaw.com
Zach@Fieldslaw.com

*Attorneys for Plaintiff*